■ ANTHONY J. RELLA et al., Appellants, v LEO J. GRECO et al., Respondents. [762 NYS2d 499] —In an action, inter alia, to recover damages for unjust enrichment and breach of fiduciary duty, the plaintiffs appeal from (1) an order of the Supreme Court, Rockland County (Nelson, J.), entered January 3, 2003, which granted the motion of the defendants Harvey Peck, Harry Boltin, Lewis M. Bobroff, Ramapo Radiology, P.C., Suffern Radiology, P.C., Orange Radiology, P.C., East Westchester Radiology, P.C., Andrew Rosenthal, Andrew Rosenthal Alaska Trust, Harvey M. Peck Alaska Trust, Harry N. Boltin Alaska Trust, Melvin Sevach, Andrew Schecter, Marvin Weingarten, Robert Tash, Denise Leslie, M.R.I. Diagnostics of Rockland, Inc., M.R.I. Diagnostics of Orange, Inc., and M.R.I. Diagnostics of Westchester, Inc., for summary judgment dismissing the fifth cause of action insofar as asserted against them, and (2) an order of the same court also entered January 3, 2003, which granted the motion of the defendant Leo Greco for summary judgment dismissing the fifth cause of action insofar, as asserted against him.

Ordered that the orders are affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

A party moving for summary judgment must make a prima facie showing of entitlement to judgment as a matter of law, offering sufficient evidence to demonstrate the absence of any material issue of fact (*see Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]; *Zuckerman v City of New York,* 49 NY2d 557 [1980]). The respondents demonstrated the absence of any material issue of fact with respect to the appellants' fifth cause of

action alleging breach of fiduciary duty. Therefore, the motions were sufficient to make out a prima facie case for summary judgment (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851 [1985]; *Zuckerman v City of New York, supra*). In opposition, the plaintiffs failed to raise a triable issue of fact.

The plaintiffs' remaining contentions are without merit. Santucci, J.P., Goldstein, H. Miller and Schmidt, JJ., concur.